10-3420-cv
Sicular v. N.Y.C. Dep't of Homeless Services

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> LEWIS A. KAPLAN,
> > *District Judge.*[*]

_____

Roy Sicular,

> *Plaintiff-Appellant*,
>
> v.                                                                 10-3420-cv

NYC Department of Homeless Services,
Carrol David, Maria Rodriguez, and Raymond
Ramos.

> *Defendants-Appellees*.

_____


FOR PLAINTIFF-APPELLANT:          Roy Sicular, *pro se*, Flushing, NY.

_____

[*]Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANTS-APPELLEES: Jane Lori Gordon, New York City Law Department, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Roy Sicular, proceeding *pro se*, appeals the district court's grant of summary judgment, dismissing his employment discrimination complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

Upon such review, we conclude that Sicular's appeal is without merit substantially for the reasons articulated by the magistrate judge in his well-reasoned report and recommendation and by the district court in its well-reasoned decision.[1] *See Sicular v. N.Y.C. Dept. of Homeless Services*, No. 09-cv-981 (S.D.N.Y. Feb. 4, 2010 and May 28, 2010). Additionally, summary judgment did not deprive Sicular of his right to a jury trial or violate his due process rights, as there were no genuine issues of material fact to be tried. *See Abdu-Brisson v. Delta Air Lines,*

---

[1] The magistrate judge erred in his recommendation by concluding that the defendants were entitled to the *Faragher/Ellerth* defense because that defense cannot be asserted where a "supervisor's harassment culminates in a tangible employment action, such as discharge." *Faragher v. City of Boca Raton*, 524 U.S. 775, 808 (1998). This error, however, is harmless because the magistrate judge correctly concluded that Sicular had otherwise failed to establish a hostile work environment claim.

*Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) ("It is now beyond cavil that summary judgment may be appropriate even in the fact-intensive context of discrimination cases.").

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3